PARSONS & a. v. CRAWFORD & a.

A judgment in a suit in which the jury were allowed to consider the lessee's liability for rent in the assessment of the lessee's damages does not estop the lessor from asserting that liability.

ACTION, for rent of the plaintiffs' land and water-power for the years 1881, 1882, 1883, and 1884, upon a lease dated February 9, 1874, for the term of twenty years, with the privilege of terminating the same upon one year's notice after the expiration of ten years. The defendants pleaded, in bar of the maintenance of the action, a judgment recovered by them as plaintiffs in an action

of covenant broken between the same parties, in which as lessees of the plaintiffs they claimed and recovered damages for a violation of the conditions of the lease by the lessors. In assessing the damages in the former action, the jury were allowed to consider the lessees' liability for rent for the time covered by the judgment, which was to March 13, 1882.

*T. F. Johnson* and *J. I. Parsons*, for the plaintiffs.

*Aldrich & Remich*, for the defendants.

CLARK, J. The former action was covenant broken, brought by the lessees against the lessors. In that case the jury were instructed that the lessees, not having rescinded the lease, and relying on their suit for damages, were liable to pay the rent; and that in assessing damages for the time the rent had not been paid, the jury might take into account the rent they were liable to pay. Hence it appears that the assessment of damages was made upon the basis of the lessees' liability for the rent. The former judgment, therefore, instead of being a bar to this action, is evidence of the plaintiffs' right to recover the unpaid rent up to March 13, 1882.

As to the claim for rent subsequent to March 13, 1882, the former judgment is of no effect. The lease was then treated by the defendants as a subsisting lease. The bringing an action and the recovery of damages for a breach of its covenants was a waiver of any previous notice of an intention to treat the lease as of no effect. Whether, after March 13, 1882, such a condition of things existed as relieved the defendants from their covenant to pay rent, does not appear.

*Case discharged.*

ALLEN, CARPENTER, and BINGHAM, JJ., did not sit: the others concurred.